UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

    Plaintiff,

v.                                              Case No. 3:24cv505-LC-HTC

RYAN A. MCCORMICK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Steven W. Short ("Short"), a pretrial detainee proceeding *pro se* and seeking to proceed *in forma pauperis*, Doc. 2,[1] has filed a "Notice of Action," Doc. 1, which the clerk docketed as a complaint under 42 U.S.C. § 1983. Upon review the undersigned finds this action should be DISMISSED *sua sponte* as frivolous.

Short is currently incarcerated at the Walton County Jail pending charges for possession of a weapon or ammunition by a convicted felon. *State of Florida v. Short*, 24-CF-206, Circuit Court of the First Judicial Circuit in and for Walton County, Florida.[2] In the Notice of Action, Short names one defendant, Ryan A.

---

[1] The motion shall be DENIED because it is incomplete and, as set forth herein, this action is frivolous.

[2] According to the electronic docket, https://waltonclerk.com/courtrecords, last accessed October 18, 2024, the circuit court appointed an expert to evaluate Short's competency to stand trial in July 2024. It is unclear whether an evaluation has been conducted or a competency determination made.

McCormick, whom he identifies as a "Sheriff Captine." His "Description of the Action," in its entirety (and without correction) is as follows:

> Demanded relief in the amount of $3,000,000.00 do to the action of violating Rules 30.15 Powers, duties, and obligations of Sheriffs along with § 91:91. False Imprisonment, § 91:68. Attempted voluntary manslaughter, § 91:71. Kidnapping – with intent to inflict bodily harm or terrorize, § 91:69. Kidnapping, To prove probable cause to commit actions pull up Case #3:22-cv-19162-MCR-HTC along with video footage from (WCJ) on March through October 2024 as well as Medical Records on Steven W. Short from (WCJ)

Doc. 1.

This action should be dismissed under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, *et al.*, because it is frivolous. *See* 28 U.S.C. § 1915A (directing courts to screen complaints filed by prisoners seeking relief against a governmental employee and dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); *see also* § 1915(e)(2)(B) (applying same screening standard to an action filed by a plaintiff seeking to proceed *in forma pauperis*).

First, the Court has repeatedly told Short he *cannot* initiate a civil action by filing a "Notice of Action." *See e.g.*, *Short v. Alldredge, et al.*, 324cv403-LC-HTC; *see* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily

will not—consider a complaint not filed on the proper form). Nonetheless, on October 15, 2024, Short filed at least six other "Notices of Action" with this Court.[3]

Second, this Court has also previously told Short that his allegations must meet the requirements of Federal Rule of Civil Procedure 8, and a listing of rules or statutes, without more, is simply deficient under Rule 8. *Short v. Alldredge, et al.*, 324cv403-LC-HTC. Nonetheless, that is, once again, what Short has submitted to the Court.

Third, this is at least the second time Short has sued McCormick. In *Short v. Alldredge, et al.*, Short sued McCormick for failing to follow Florida Rule of Criminal Procedure 3.314. In the undersigned's report and recommendation, Doc. 12, which is pending, the undersigned told Short he could not state a claim against McCormick because, among other reasons, a violation of a criminal procedural rule does not rise to the level of a constitutional violation. Likewise, McCormick's failure to follow Fla. Stat. § 30.15,[4] setting forth the obligations of a Sheriff, even if applicable and true, does not amount to a constitutional violation. *Cook-Bey v. Jackson*, 2019 WL 3213718, at *6 (M.D. Ala. June 12, 2019), *report and recommendation adopted*, 2019 WL 3208364 (M.D. Ala. July 16, 2019) (quoting

---

[3] Also, Short has attempted to file a "notice of action" on behalf of others, even though he is not a lawyer. *See Allen v. Adkinson*, 324cv454-TKW; *LaFountain v. Adkinson*, 324cv449-LC; and *O'Neil v. Adkinson*, 324cv448-TKW.

[4] While Short appears to reference other rules, regulations, or statutes, the Court is unable to discern the specific rule, regulation, or statute Short relies upon by the numbers provided.

Case No. 3:24cv505-LC-HTC

*Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (finding "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations")); *see also Cappetta v. Wainwright*, 433 F.2d 1027, 1030 (5th Cir. 1970) ("the state's failure to follow certain procedures outlined in the state's criminal code … do not present federal constitutional violations").

The PLRA's screening requirement is "sometimes referred to as a frivolity review," and vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)).  A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  Moreover, the PLRA dictates that a court conduct this screening "before docketing if feasible or, in any event, as soon as practicable after docketing."  28 U.S.C. § 1915A.

There can be no dispute that this action is frivolous.  It has no basis in fact or law.  The only understandable provision referenced by Short in the Notice of Action, Fla. Stat. § 30.15, does not entitle Short to any relief against McCormick under § 1983.  Moreover, Short has been repeatedly told he cannot initiate a civil action by filing a notice of action – particularly one that fails to contain a short and plain

statement showing why he is entitled to relief, as required by Rule 8.  Nonetheless, Short continues to flood this Court with nonsensical deficient filings that have no basis in law or fact.  And, because this action is frivolous, any amendment would be futile.  *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

Accordingly, it is also RECOMMENDED:

1. That this case be DISMISSED as frivolous under 28 U.S.C. §§ 1915A; 1915 (e)(2)(B).

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 18th day of October, 2024.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.